*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAN'S EXCAVATING, INC and SPARTAN
SPECIALTIES, LTD,

Plaintiffs-Appellants,

v

MICHIGAN DEPARTMENT OF
TRANSPORTATION and STATE OF MICHIGAN,

Defendants-Appellees.

UNPUBLISHED
April 11, 2024

No. 365489
Court of Claims
LC No. 22-000191-MZ

Before: GADOLA, C.J., and BORRELLO and M. J. KELLY, JJ.

PER CURIAM.

Plaintiffs, Dan's Excavating, Inc (DEI) and Spartan Specialties, LTD (Spartan), appeal as of right the order of the Court of Claims granting defendants, Michigan Department of Transportation (MDOT) and State of Michigan, summary disposition of plaintiffs' claims under MCR 2.116(C)(7) and (8). We affirm.

## I. FACTS

This appeal arises from a contract dispute, the underlying facts of which essentially are undisputed. In 2018, DEI and MDOT entered into a contract known as MDOT Contract ID No. 38101-115861, under which DEI agreed to undertake reconstruction of 9.87 miles of I-94 in Jackson, Michigan. The contract provided that the project would be governed by MDOT's Standard Specifications for Construction. The contract also provided for the establishment of a Dispute Resolution Board (the Board) to "evaluate and provide recommendations as to the entitlement of claims arising out of the work on the contract." The Board's dispute resolution procedure was governed by the DRB Procedures in effect between October 6, 2017, and June 4, 2020.

DEI subcontracted portions of the work under the contract to Spartan, including certain mine void grouting work, which was to be performed in accordance with plans provided by MDOT. After beginning work on the project, Spartan discovered that the mine voids were not as represented on MDOT's plan; the voids were smaller but more numerous than represented by

-1-

MDOT, which required the mine void grouting to proceed at a much slower rate, resulting in a greater labor cost than anticipated. Plaintiffs assert that they incurred more than $850,000 in additional costs as a result of the increased labor required to complete the mine void grouting work.

In January 2020, DEI brought Spartan's claim to the Board. The procedures in effect provided that a party to the contract could bring a dispute to the Board, which would then provide a recommendation on the claim. A party then could appeal that decision to the Board's hearing panel, which would issue a recommendation. The procedures further provided:

> Upon receipt of the DRB appeal hearing recommendation, the Contractor and Engineer have five (5) business days to initiate one of the following options:
>
> 1. Accept the DRB appeal recommendation as issued for any submitted claim issue.
>
> 2. Reject the DRB appeal recommendation as issued for any submitted claim issue.
>
> * * *
>
> If the Contractor or Engineer fails to document acceptance or rejection of the DRB appeal recommendation to the other party, in whole or in part, within five (5) business days of receipt of the DRB appeal recommendation, that failure to respond will constitute full acceptance of the DRB appeal recommendation by the Contractor or Engineer.

In July 2020, the Board held an advisory hearing and recommended "some entitlement through negotiation." Plaintiffs then sought a formal hearing before the Board, after which the Board issued a recommendation of non-entitlement on the claim. DEI requested an appeal hearing on behalf of Spartan, which was held November 9, 2020. On November 30, 2020, the Board issued its appeal hearing recommendation of non-entitlement on the claim, and advised DEI and MDOT of its decision.

Under the DRB Procedures, each party had five business days after receiving the Board's recommendation to send its acceptance or rejection of the recommendation to the other party, with a copy to the Board. The parties do not dispute that DEI did not respond to the Board's recommendation within the allotted five business days. On December 15, 2020, MDOT confirmed by email to the Board and DEI that DEI had failed to respond to the Board's recommendation.

On November 29, 2021, DEI filed its Notice of Intent to File Claim with the Court of Claims. On November 17, 2022, plaintiffs filed their complaint with the Court of Claims initiating this action and alleging breach of contract, breach of warranty, and unjust enrichment. In response, defendants moved for summary disposition under MCR 2.116(C)(7) and (8), contending that the claims were barred by the terms of the contract, that Spartan lacked standing to bring the claims, and that unjust enrichment could not be demonstrated because the dispute was governed by express contractual provisions.

The Court of Claims granted defendants' motion for summary disposition under MCR 2.116(C)(7) and (8). The Court of Claims held that under the terms of the parties' contract, DEI's

failure timely to reject the Board's appeal hearing recommendation constituted an acceptance of the recommendation, which was a settlement of plaintiffs' claims of breach of contract and breach of warranty. The Court of Claims further held that plaintiffs had failed to state a claim of unjust enrichment because the terms of the parties' agreement were determined by an express contract. Plaintiffs now appeal.

## II. DISCUSSION

### A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). We also review de novo the interpretation of a contract, the application of legal and equitable doctrines, see *Sylvan Twp v City of Chelsea*, 313 Mich App 305, 315-316; 882 NW2d 545 (2015), and whether a plaintiff may maintain a claim for unjust enrichment, *Karaus v Bank of New York Mellon*, 300 Mich App 9, 22; 831 NW2d 897 (2012).

Summary disposition under MCR 2.116(C)(7) is warranted when a claim has been disposed of by a valid release of liability between the parties, among other bases. When reviewing a motion granted under MCR 2.116(C)(7), the court considers the documentary evidence submitted by the parties and accepts as true the plaintiff's well-pleaded factual allegations, construing them in favor of the plaintiff unless disputed by documentary evidence presented by the moving party. *Norman v Dep't of Transp*, 338 Mich App 141, 146; 979 NW2d 390 (2021).

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim and is warranted when a claim is so unenforceable that no factual development could justify relief. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019). When reviewing a trial court's decision to grant or deny summary disposition under MCR 2.116(C)(8), the court considers the pleadings alone and accepts all factual allegations as true. *Id*.

### B. BREACH OF CONTRACT AND WARRANTY

Plaintiffs contend that the Court of Claims erred by granting defendants summary disposition of their claims of breach of contract and breach of warranty. We disagree.

When interpreting a contract, the primary goal is to determine and give effect to the parties' intent. *Village of Edmore v Crystal Automation Sys, Inc*, 322 Mich App 244, 262; 911 NW2d 241 (2017). This Court reads the contract as a whole and considers the words of the contract in context, giving the contractual terms their ordinary meaning. *Id*. The rules of contract construction apply regarding the scope and terms of a release. *Radu v Herndon & Herndon Investigations, Inc*, 302 Mich App 363, 374; 838 NW2d 720 (2013).

A cause of action may be precluded by MCR 2.116(C)(7) when a valid release of liability exists between the parties. *Xu v Gay*, 257 Mich App 263, 266; 668 NW2d 166 (2003). Here, the parties do not dispute that the contract relationship between DEI and MDOT was governed by an express contract, which provided for a dispute resolution procedure. The parties also do not dispute that the dispute resolution procedure required DEI to either accept or reject the Board's

appeal hearing recommendation within five business days, and that failure to do so constituted acceptance of the recommendation. The parties also do not dispute that DEI failed timely to reject the Board's appeal hearing recommendation.

Plaintiffs, however, raise equitable arguments to refute defendants' assertion that DEI, by failing timely to reject the recommendation of the Board, released defendants from liability. Plaintiffs argue that the contract notice provision is contrary to notions of reasonableness and fair play, that they substantially performed under the contract because they provided actual notice of their claim to defendants in other ways, and that they had a legitimate basis for failing to timely respond to the recommendation. The Court of Claims rejected these arguments. With regard to plaintiffs' assertions that the notice provision is contrary to notions of reasonableness and fair play, and that plaintiffs substantially performed by providing notice in other ways, the Court of Claims reasoned, in relevant part:

> But plaintiffs present no legal support for their assertion that this Court can ignore the language of the contract in favor of equitable notions of reasonableness and fair play. The doctrine of substantial performance also does not apply because the notice requirement was an express contractual condition. See *Rodgers* [*v JPMorgan Chase Bank NA*], 315 Mich App [301,] 310 [; 890 NW2d 381 (2016)]. Even if the Court were to consider notions of fair play and reasonableness, plaintiffs may have had a variety of legal or practical reasons for deciding against pursuing their claims any further, and the contract did not require MDOT to guess as to the reason behind DEI's silence. And while defendants may have been aware of the nature of plaintiffs' claims, they were not notified that plaintiffs intended to pursue their claims any further until plaintiffs filed their Court of Claims NOI nearly a year after the DRB appeal recommendation. Therefore, plaintiffs cannot rely on general notions of fair play or reasonableness to contradict the notice requirement.

> Plaintiffs also argue that they substantially performed the contract by submitting a timely NOI in this Court. But the NOI is a requirement to sue in this Court, not a requirement under the contract. See MCL 600.6431. DEI submitted the NOI in November 2021, nearly a year after they were required to accept or reject the DRB appeal decision. The NOI did not substitute for notice under the contract, and plaintiffs did not substantially comply with this contractual term by submitting an NOI in this Court.

The Court of Claims correctly concluded that the doctrine of substantial performance does not apply to express contract terms. This Court has stated:

> The doctrine of substantial performance is used to determine whether a party can be considered to have fulfilled its obligation under a contract even though that party has not fully performed. See *Black's Law Dictionary* (10th ed.) (defining the "substantial-performance doctrine" as "[t]he rule that if a good-faith attempt to perform does not precisely meet the terms of an agreement or statutory requirements, the performance will still be considered complete if the essential purpose is accomplished.") However, this doctrine is inapplicable to the fulfillment

of express conditions. [*Rodgers v JPMorgan Chase Bank NA*, 315 Mich App 301, 310; 890 NW2d 381 (2016).]

In this case, the parties do not dispute that the parties' obligation to respond to the appeal hearing recommendation of the Board within five days was an express term of the parties' contract. As the Court of Claims concluded, plaintiffs therefore cannot successfully argue that their obligation to comply with that express provision was met by substantial compliance.

Plaintiffs also contend that they had a legitimate basis for failing to timely respond to the recommendation because Stephen Maranowski, the president of Spartan, was involved in a serious motor vehicle collision shortly before the Board issued its appeal recommendation. The nonperformance of a contractual obligation may be excused when the contracting party's performance becomes objectively impossible to perform. *Roberts v Farmers Ins Exch*, 275 Mich App 58, 73; 737 NW2d 332 (2007). "Although absolute impossibility is not required, there must be a showing of 'impracticability because of extreme and unreasonable difficulty, expense, injury or loss involved.' " *Id*. In this case, the Court of Claims reasoned, in relevant part:

> The Court agrees with plaintiffs that Maranowski's unfortunate accident was unforeseeable at the time the parties executed the contract. But the flaw in plaintiffs' argument is that DEI – not Spartan – was the other party to the MDOT contract. Plaintiffs provide no explanation why DEI could not notify MDOT of its rejection within five business days. In fact, Maranowski stated in his affidavit that he discussed the DRB's appeal recommendation with [DEI project manager Dave] Eichbrecht within the notice window, and that he believed Eichbrecht had conveyed Spartan's rejection to MDOT. Eichbrecht was also copied on the e-mail exchange between MDOT and the DRB discussing whether plaintiffs had accepted or rejected the DRB's appeal-hearing recommendation, yet he did not respond to the e-mail exchange to either reject the recommendation or request an extension. Maranowski's accident, therefore played no role in DEI's failure to provide timely notice under the contract.

The Court of Claims correctly held that plaintiffs did not demonstrate that the notice provision of the contract had become objectively impossible to perform. On appeal, plaintiffs similarly argue that Maranowski's injuries created a medical emergency that prevented plaintiffs from responding to the appeal recommendation. As the Court of Claims observed, however, as the party to the contract, it was DEI's obligation to respond to the appeal recommendation, not Spartan's. Moreover, plaintiffs argue on appeal that it should have been obvious to MDOT that Spartan would reject the appeal recommendation because they had rejected the same recommendation one month earlier. By the same token, it similarly should have been obvious to DEI that Spartan would wish for DEI to reject the appeal recommendation, despite Maranowski's hospitalization. Moreover, if it were unclear to DEI, it could have rejected the appeal recommendation to preserve Spartan's position on the issue until it was possible for DEI to speak with Maranowski. The Court of Claims did not err by rejecting plaintiffs' theory of impossibility of performance.

In sum, DEI acknowledges that it did not reject the appeal recommendation within five business days. DEI's failure to do so constitutes an acceptance of the appeal recommendation,

which operates as a release of liability for MDOT under the contract. The Court of Claims therefore did not err by dismissing plaintiffs' claims of breach of contract and breach of warranty under MCR 2.116(C)(7).

## C. UNJUST ENRICHMENT

Plaintiffs also contend that the Court of Claims erred by dismissing their claim of unjust enrichment. They argue that they should have been permitted to plead unjust enrichment as an alternative claim challenging whether the parties' agreement is governed by the written contract between DEI and MDOT. We disagree.

Under the theory of quantum meruit, the law will imply a contract between parties to prevent unjust enrichment when one party inequitably receives and retains a benefit from the other. *Deschane v Klug*, 344 Mich App 744, 753; 2 NW3d 131 (2022), citing *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 194; 729 NW2d 898 (2006). A party cannot recover under a theory of quantum meruit, however, when there is an express contract between the parties that addresses the same subject matter. *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 726; 909 NW2d 890 (2017).

In this case, the Court of Claims granted defendants summary disposition of plaintiff's claim of unjust enrichment, reasoning:

> Here, there is no dispute that DEI had an express contract with MDOT governing the same subject matter as its unjust-enrichment claim. DEI cannot plead an unjust-enrichment claim arising out of the same set of facts. MDOT and Spartan did not enter a contractual relationship. But Spartan and DEI contracted for the mine-void grouting work on the same project. Both the DEI-MDOT and the Spartan-DEI contracts covered the same subject matter (the I-94 reconstruction project). Therefore, the Court cannot imply a contract in law between Spartan and MDOT because the parties executed two contracts that collectively governed the same subject matter. See *Landstar [Express America, Inc v Nexteer Automotive Corp*, 319 Mich App [192,] 203[; 900 NW2d 650 (2017)].
>
> Plaintiffs argue that they are pleading their breach of contract and unjust-enrichment claims in the alternative. However, in *Morris Pumps*, 273 Mich App at 199, the Court of Appeals clarified that "[the] rules, allowing simultaneous and alternative claims for breach of contract and unjust enrichment, no longer appear to be good law when both claims are asserted against the same defendant, with whom the plaintiff has an express contractual relationship." Plaintiffs rely on *Keywell & Rosenfeld v Bithell*, 254 Mich App 300; 657 NW2d 759 (2002), to support that they may plead the claims in the alternative. But in *Keywell*, a case involving a law firm's claim for overdue fees, the Court of Appeals explained that the plaintiff's breach-of-contract claim relied on a jury finding that a contract existed, while the unjust-enrichment claim depended on a jury finding of no express contract. *Id*. at 328. Thus, the plaintiff could plead the claims in the alternative because there was a factual dispute over whether the parties had a contract. See *id*. Plaintiffs do not dispute that Spartan had an express contract with DEI, which, in turn, had an

-6-

express contract with MDOT. Both contracts related to the same subject matter. Therefore, this case is different from *Keywell*, where there was a dispute over whether an express contract governed the parties' relationship. Accordingly, the Court may not imply a contract between Spartan and MDOT under the circumstances.

As the Court of Claims found, the parties do not dispute that there is an express contract governing the terms of the parties' agreement. Plaintiffs' complaint alleged that DEI and MDOT entered into Contract ID No. 38101-115861 and asserted that the claims of DEI and Spartan arose from the terms of that contract. The Court of Claims therefore correctly determined that plaintiffs were precluded from asserting unjust enrichment arising from the same subject matter governed by the express contract between DEI and MDOT. See *Meisner Law Group, PC*, 321 Mich App at 726.

## D. STANDING

Defendants also contend that summary disposition was properly granted because Spartan lacked standing to bring the claims against MDOT alleged in the complaint. Defendants argue that Standard Specification 108.01 provides that "[n]o subcontractor or supplier may maintain an action against the Department for payment relating to the work; any such action must be brought against the Contractor or other responsible party." The Court of Claims determined that it was unnecessary to reach this issue, stating "[b]ecause the Court concludes that plaintiff's claims for breach of contract and breach of warranty are barred by a contractual release, and plaintiffs' claim for unjust enrichment is not viable, the Court need not reach the issue whether Standard Specification 108.01 bars Spartan's claims against defendants." We likewise decline to reach this issue, the resolution of which is unnecessary to affirm the Court of Claims' decision in favor of defendants.

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Michael J. Kelly

-7-